Argued September 8, affirmed October 12, 1960

# KOENEKE *v.* B & O LUMBER CO. ET AL
# HURT *v.* B & O LUMBER CO. ET AL

356 P. 2d 149

*William J. Sundstrom,* Portland, argued the cause for appellants. With him on the brief were Alexander & Tilbury and Dougles J. White, Jr., Portland.

*Howard P. Arnest,* Portland, argued the cause and filed a brief for respondents.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, GOODWIN and KING, Justices.

PERRY, J.

Duane Koeneke and wife Vivian brought an action to recover from the defendants a sum paid defendants in the purchase of shares of stock in the B & O Lumber Company, an Oregon corporation.

A. F. Hurt and wife Velma also brought an action for the same purpose and the two cases were consolidated for trial and this appeal.

The plaintiffs recovered judgment and the defendants appeal.

The facts disclose and the trial court found that the stock of the lumber company had not been registered with the Corporation Commissioner for the purpose of sale and no permit or license for the sale had been granted.

The defendants admit the sales, but deny violation of the Oregon Securities Law (ORS 59.010 to 59.530 and subsections (1) and (2) of 59.990) on the basis that the two sales were made as a part of an "isolated transaction" as that term is used in ORS 59.120. This section provides:

"* * * the Oregon Securities Law shall not apply to the sale of any security in any of the following transactions:

"* * * * *

"(2) An isolated transaction in which any security is bought, sold, offered for sale, subscription or delivery by the owner, or by a corporation of its unissued stock, or his or its representative for the owner's or the corporation's account, the purchase, sale or offer for sale, subscription or delivery not being made in the course of repeated and successive transactions of a like character by the owner or corporation or on his or its accounts by the representative, and the owner, corporation or representative not being the underwriter of the security."

For the purposes of this opinion, we may assume that the interests of these plaintiffs were so interwoven that the sale to all constituted but a single transaction. This, however, does not establish that the actions of the defendants were but an isolated transaction within the meaning of the Securities Act.

In defining an "isolated transaction" the statute provides by way of comparison that a single transaction shall be distinct from a course of conduct which discloses "repeated or successive transactions of like character."

ORS 59.410 of the act provides:

"* * * the burden of proof of any exemption shall be upon the party claiming the benefit of such exemption, * * *."

■ None of the defendants offered any evidence of the fact that these sales did not form a part of repeated or successive transactions of like character made with others. The sole evidence to support this burden of the defendants is the testimony of the plaintiffs who were asked if they knew of any similar sales and they replied in the negative. This negative testimony would have probative value only if it was shown

that the plaintiffs were so well acquainted with the affairs of the defendants or so situated that they would have knowledge of these acts of the defendants. *Napier v. Southern Pacific Co.*, 218 Or 371, 345 P2d 400; *Fish v. Southern Pacific Co.*, 173 Or 294, 143 P2d 917, 145 P2d 991; *Lovett v. Gill*, 142 Or 534, 20 P2d 1070; 2 Wigmore, Evidence (3d ed) 777, § 664.

■ The sole bit of evidence that would cast any light on the plaintiffs' knowledge of the defendants' business transactions is the testimony of the plaintiff Hurt that he leased desk space in the office of the defendant Osborn. This alone is, in our opinion, insufficient to show that Hurt had intimate knowledge of defendants' business.

■ The defendants failed to sustain the burden placed upon them by the Act and the judgments are affirmed.

Plaintiffs will be awarded attorney's fees in this court in the sum of $125 in each case.